**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW MARK ANTHONY USHER, | No. 14-71734 |
| Petitioner, | Agency No. A058-968-415 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Andrew Mark Anthony Usher, a native and citizen of Jamaica, petitions for

review of the BIA's decision ordering him removed and finding him ineligible for

relief from removal. Usher challenges the BIA's determination that his conviction

for attempted possession for sale of marijuana constitutes a "crime involving moral

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

turpitude." Usher also challenges the BIA's determination that his conviction constitutes a "particularly serious crime" rendering him ineligible for asylum and withholding of removal.

1. Finding Usher removable based on his conviction for both an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), and a violation relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i), the BIA did not order Usher removed for having committed a crime involving moral turpitude. Because the BIA did not reach this issue, this court lacks jurisdiction to review it. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

2. Because Usher raises a legal question challenging whether his offense constitutes a "particularly serious crime" in light of "evolving societal standards" about marijuana, we have jurisdiction to review this portion of the petition. *See Delgado v. Holder*, 648 F.3d 1095, 1100 (9th Cir. 2011) (en banc). The BIA did not abuse its discretion when adopting the IJ's conclusion—based on Usher's testimony, the police report, and the pre-sentence investigation report—that the circumstances of Usher's conviction did not rebut the presumption that trafficking in marijuana is a particularly serious crime. *See Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam); *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002).

**DISMISSED IN PART, DENIED IN PART.**

2